IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO. 2:19-cr-00092

DANA STEVENSON

MEMORANDUM OPINION AND ORDER

I.   Introduction

Pending before the court is the defendant's Motion to Dismiss Indictment [ECF No. 13]. For the reasons that follow, the Motion is **DENIED**.

II.   Background

On March 21, 2017, the defendant was charged in a seven-count Indictment, and an arrest warrant for the defendant was issued on that same date.[1] The Indictment charged the defendant with three counts of distribution of heroin, two counts of distribution of heroin within 1,000 feet of a public school, one count of possession with intent to distribute cocaine base, and one count of felon in possession of a firearm. The felon in possession count arose from a firearm found in the defendant's room during the execution of a search warrant in January 2017—specifically, a Glock .40 caliber, Model 27 handgun.

---

[1] The 2017 Indictment was filed in this court in case number 2:17-cr-00047.

After months of searching for the defendant, the Charleston Police Department located him on August 14, 2017 near the Kanawha River in Charleston, West Virginia. The Government avers that as the officers approached the defendant, he tossed what appeared to be a firearm and cell phone into the river. The firearm, a Glock .40 caliber, Model 35 pistol, was later recovered by the Charleston Police.

The defendant subsequently pleaded guilty to Counts Two and Seven of the 2017 Indictment—that is, to distributing heroin within 1,000 feet of Stonewall Jackson Middle School and to being a felon in possession of the Glock .40 caliber, Model 27 firearm. On November 5, 2018, this court sentenced the defendant to 48 months in prison. The defendant's appeal of that sentence is currently pending.

On April 2, 2019, the grand jury returned the instant Indictment against the defendant. This Indictment contains a single count, charging the defendant with being a felon in possession of a firearm. It alleges that on August 14, 2017, the defendant unlawfully possessed a Glock .40 caliber, Model 35 pistol. The Government states that this charge stems from the defendant's alleged possession of a firearm at the time of his arrest on August 14, 2017.

On June 10, 2019, the defendant moved to dismiss the Indictment in this matter, contending that the defendant is being prosecuted in violation of the Department of Justice's "*Petite* Policy."

III. Discussion

The DOJ's *Petite* Policy

> precludes the initiation or continuation of a federal prosecution, following a prior state or federal prosecution based on substantially the same act(s) or transaction(s) unless three substantive prerequisites are satisfied: first, the matter must involve a substantial federal interest; second, the prior prosecution must have left that interest demonstrably unvindicated; and third, applying the same test that is applicable to all federal prosecutions, the government must believe that the defendant's conduct constitutes a federal offense, and that the admissible evidence probably will be sufficient to obtain and sustain a conviction by an unbiased trier of fact. In addition, there is a procedural prerequisite to be satisfied, that is, the prosecution must be approved by the appropriate Assistant Attorney General.

United States Attorneys' Manual (hereinafter "Manual") § 9-2.031(A).

Even if, however, the defendant's prosecution in this case is in violation of DOJ policy, any such violation is not a ground for dismissing the Indictment. The Fourth Circuit has noted that "it is well established that the *Petite* policy and other internal prosecutorial protocols do not vest defendants with any personal rights." *United States v. Jackson*, 327 F.3d 273, 296 (4th Cir. 2003); *see also United States v. Lecco*, No. 2:05-cr-00107, 2007 WL 295487, at *3 (S.D. W. Va. Jan. 29, 2007) ("internal agency guidelines offer no assistance to an accused complaining of their violation in the investigation or prosecution of his or her case"); *United States v. Claiborne*, 92 F. Supp. 2d 503, 507–08 (E.D. Va. 2000) ("the case law discussing the *Petite* policy ha[s] stressed that the policy is for internal use only, is not Constitutionally mandated, and

does not confer any substantive rights on the defendant"); Ellen S. Podgor, *Dep't of Justice Guidelines: Balancing "Discretionary Justice,"* 13 CORNELL J.L. & PUB. POL'Y 167, 179 n.73 (2004) ("There have been repeated court decisions holding that a defendant is not entitled to dismissal for a Petite policy violation."). Indeed, "all federal circuit courts that have considered the question have held that a criminal defendant cannot invoke the policy as a bar to federal prosecution." *Claiborne*, 92 F. Supp. 2d at 508 (citing Manual § 9-2.031(F)). Thus, even if the Government violated the *Petite* policy in this case, the defendant is not entitled to dismissal of the Indictment.

### IV. Conclusion

Accordingly, the court **DENIES** the defendant's Motion to Dismiss Indictment [ECF No. 13].

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: June 20, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4